IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TERESA FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 11-3427-CV-S-JCE-SSA |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814

2

(8th Cir. 1994).

## Discussion

Plaintiff, who was born on November 16, 1962, has a high school education. Her past relevant work has been as a cafeteria manager, sewer of upholstery and a cashier.

Her primary allegations are that she suffers from bilateral knee pain, back and neck problems, depression and headaches. She also contends that she has chronic fatigue as a result of obesity.

After a hearing, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since May 14, 2008, the alleged onset date (20 CFR 404.1571 *et seq)*.

3. The claimant has the following severe impairments: osteoarthritis of the bilateral knees, degenerative disc disease of the lumbar spine, hypertension, irritable bowel syndrome, morbid obesity, depression, anxiety (20 CFR 404.1520( c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently, with the ability to push or pull to those weights; stand and/or walk for a total of 2-4 hours in an 8-hour workday; and to sit for a total of 6 hours in an 8-hour workday, with the option to sit or stand at will. The claimant can perform no more than occasional crawling, squatting, stooping, bending, or climbing, except that she is unable to climb ladders or to work at heights. She is able to concentrate adequately for extended periods of time and to respond appropriately to changes in a routine work environment. She is further limited to detailed, but not complex, work tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 16, 162 and was 45 years old, which is

3

defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 14, 2008, through the date of this decision (20 CFR 404.1520(g)).

Plaintiff asserts that the ALJ erred by failing to provide adequate weight to her treating physicians; in his credibility analysis by putting too much weight on her application for unemployment benefits; by not evaluating her subjective complaints, and by not adequately considering the impact of obesity on her fatigue.

Plaintiff's treating physicians, Dr. Ball and Dr. Powell, diagnosed a disability and enunciated physical limitations. Those limitations were primarily as a result of knee pain, back pain and obesity. The ALJ gave these opinions limited weight, asserting they were not consistent with the objective medical evidence, and that the physicians were not orthopaedic specialists. Even though not specialists, the treating physicians have been involved in plaintiff's care for extended periods of time. Her obesity has worsened and her knee pain and back pain have been present during extensive courses of treatment, including, but not limited to, knee surgery and narcotic medications. The ALJ asserts there is insufficient evidence in the record to support the extent of her limitations. Had the plaintiff been found to be credible, her descriptions

4

would have supported the limitations listed by the physicians.

Plaintiff's credibility was questioned based, in part, on her daily activities. While those activities were listed, what was omitted were the plaintiff's description of the impact of her physical condition on those activities. Plaintiff describes the necessity to sit down because her knees are hurting, after some of her activities. She sometimes needs help getting dressed, and while bathing, she uses a bath chair. She cooks, but is no longer able to cook large meals and is restricted to using the microwave and preparing simple things such as sandwiches. These are simply examples of the many explanations of plaintiff that were largely ignored. Similarly, her credibility is questioned because she applied for unemployment benefits. It is not adequately discussed that when she did so, she noted that she could not stand for extended periods and would need a job that would allow her to sit. The fact that she has a work history and continued to seek employment can be a factor to bolster, rather than to question her credibility. Finally, her descriptions of fatigue are consistent with the limitations noted by her treating physicians.

With a proper consideration of the opinions of her treating physicians and credibility analysis, the RFC would not be supported by the record as a whole. This Court can find no medical evidence to support the RFC as determined by the ALJ. Rather, the restrictions by the treating physicians have that support.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met her burden of establishing that she suffers from a combination of impairments that render her disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby,

granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: August 15, 2012